IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ANGELIA ANDREWS,<br><br>          Plaintiff,<br><br>v.<br><br>(1) LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>          Defendant. | Case No. 4:17-cv-00371-JHP-mjx<br><br>Removed from:<br>District Court of Tulsa County,<br>State of Oklahoma<br>(Case No. CJ-2017-895) |

## **NOTICE OF REMOVAL**

Defendant Life Insurance Company of North America ("LINA" or "Defendant") hereby removes to this Court the state action described below:

1.    On or about May 22, 2017, Plaintiff Angelia Andrews ("Plaintiff") filed an amended complaint in the matter of *Angelia Andrews v. Life Insurance Company of North America*, Case No. CJ-2017-895, District Court of Tulsa County, State of Oklahoma.

2.    On or about May 26, 2017, Plaintiff served the Oklahoma Insurance Commissioner, John D. Doak, as the designated agent for service of process of foreign insurance companies, with the Summons and Complaint. The Oklahoma Insurance Department subsequently notified LINA of the pendency of the lawsuit. Pursuant to 28 U.S.C. §1446, a copy of the docket sheet and a copy of all documents served upon LINA or filed in the state court action are attached hereto as Exhibits 1 (docket sheet), 2 (amended complaint), 3 (notice of service of process and summons), 4 (motion for extension of time to answer or otherwise plead), 5 (order granting motion for extension of time) and 6 (original complaint).

3.    LINA has filed and served this Notice of Removal within 30 days of receipt of the Summons and Complaint. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

4. Plaintiff alleges that Defendant improperly denied her long-term disability benefits. (Exh. 2, ¶ 4). Complete diversity exists because Plaintiff is a citizen of Tulsa, Oklahoma (Exh. 2, ¶ 3), while Defendant is a citizen of Pennsylvania. Defendant is not incorporated in nor does it have a principal place of business in Oklahoma. Plaintiff's Complaint seeks alleged damages in an amount in excess of $75,000, exclusive of interest and costs, as more fully explained below. This Court therefore has original jurisdiction under 28 U.S.C. § 1332.

5. Plaintiff seeks monetary damages in an unspecified amount against Defendant. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where, they are not dispositive, by allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970)). Plaintiff's Complaint alleges that she became disabled and was denied benefits due her under an ERISA-covered employee benefit disability plan. (Exh. 2). The plan in question provided Plaintiff a net monthly benefit of $2,913.00, after deductions. As Plaintiff alleges that she continues to remain disabled and seeks reinstatement of her benefits through an order directing Defendant to pay monthly benefits (Exh. 2 at 7), the maximum benefits she could receive if found to be disabled under the plan would extend to age 65. Thus, Plaintiff's Complaint places in issue benefit payments in the amount of $ 384,516.00, which have a net present value in excess of $75,000.

6. Additionally, this action is one over which this Court has original jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. §1132(e), and which may be removed to this Court without regard to the citizenship of the parties under 28 U.S.C. §1441(c), in that the Complaint asserts a claim for long-term disability benefits under an employee welfare benefit plan as defined in and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 *et seq.* ("ERISA") (*see* 29 U.S.C. §1002(1)), as appears from the allegations made in the Complaint, attached hereto as Exhibit 2. Because the Complaint

seeks relief that would fall within ERISA's civil enforcement provision, 29 U.S.C. §1132(a), raising a federal question, this cause may be removed to this Court. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987).

7. The United States District Court for the Northern District of Oklahoma is the federal district within which the above-described Tulsa County, Oklahoma District Court case is pending.

8. As required by 28 U.S.C. §1446(d) and affirmed in the attached Certificate of Service, Defendant has served Plaintiff with this Notice of Removal.

9. A copy of this Notice of Removal shall be promptly filed with the District Court of Tulsa County, Oklahoma.

10. The documents included in Exhibits 1 through 5 constitute all of the known process, pleadings and orders that have been served upon or by Defendant to date. Any additional process, pleadings and orders that have been filed in the District Court for Tulsa County, Oklahoma will be filed as an addendum to this notice.

DATED: June 27, 2017                         Respectfully Submitted,

*s/Leasa M. Stewart*
Leasa M. Stewart, OBA #18515
GABLEGOTWALS
One Leadership Square, 15th Floor
211 North Robinson
Oklahoma City, Oklahoma 73102-7101
(405) 235-5500 (Telephone)
(405) 235-2875 (Fax)

*Attorneys for Defendant,*
*Life Insurance Company of North America*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2017, a copy of this Notice of Removal was electronically mailed for filing to the Clerk of the U. S. District Court for the Northern District of Oklahoma and that a copy was also mailed by first class U.S. mail, postage prepaid, to the following attorneys of record for the plaintiff:

James W. Dunham, Jr.
2112 Bank of America Center
15 West 6th Street
Tulsa, OK 74119

I further certify that a copy of the Notice of Removal was also delivered for filing on the same date to the Clerk of the District Court of Tulsa County, State of Oklahoma.

*s/Leasa M. Stewart*
Leasa M. Stewart